IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 16 2015

CLERK, U.S. DISTRICT COURT
By _____
Deputy

JOSUE MARTINEZ-GARCIA,          §
                                §
          Movant,               §
                                §
VS.                             §    NO. 4:15-CV-747-A
                                §    (NO. 4:12-CR-168-A)
UNITED STATES OF AMERICA,       §
                                §
          Respondent.           §

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Josue Martinez-Garcia ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, its supporting memorandum, the government's response, the reply, and pertinent parts of the record in Case No. 4:12-CR-168-A, styled "United States of America v. Josue Martinez-Garcia, et al.," the court has concluded that the motion should be denied.

I.

## Background

Information contained in the record of the underlying criminal case discloses the following:

On August 15, 2012, movant was named, along with a co-defendant and others unnamed, in a one-count indictment charging him with conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)

and (b)(1)(C). CR Doc. 11.[1] On November 14, 2012, movant was named in a one-count superseding indictment specifying the quantity of methamphetamine to be 50 grams or more. CR Doc. 44. On November 20, 2012, movant's first trial resulted in a mistrial. CR Doc. 68, 78.

On December 12, 2012, movant was named in a superseding indictment specifying the quantity of methamphetamine to be 500 grams or more, and adding a second count charging movant with illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(1). CR Doc. 89. On December 20, 2012, the court granted movant's motion to sever the two counts and made the illegal reentry count the subject of a separate criminal action, No. 4:12-CR-260-A. CR Doc. 100. Movant pleaded guilty to the illegal reentry charge and proceeded to trial as to the conspiracy charge. On January 23, 2013, movant was convicted by a jury of the conspiracy charge.[2] CR Doc. 124. On May 10, 2013, the court sentenced movant to life imprisonment on the conspiracy charge. CR Doc. 153.

Movant's conviction and sentence were affirmed. <u>United States v. Martinez-Garcia</u>, 560 F. App'x 253 (5th Cir. 2014). The

---

[1]The "CR Doc." reference is to the docket in the underlying criminal action, No. 4:12-CR-168-A.

[2]The government's recitation of the facts underlying the conviction is accurate and need not be repeated here. Doc. 9 at 3-13. (The "Doc." reference is to the docket of this civil action, No. 4:15-CV-747-A.)

2

United States Supreme Court denied movant's petition for writ of certiorari on October 6, 2014. <u>Martinez-Garcia v. United States</u>, 135 S. Ct. 130 (2014). The government does not dispute that movant's motion is timely.

II.

<u>Grounds of the Motion</u>

Movant urges four grounds in support of his motion, worded as follows:

GROUND ONE: Sixth Amendment violation-ineffective assistance of counsel.

Supporting facts: Trial counsel rendered ineffective assistance when he failed to advise [movant] of the repercussions of the Federal Sentencing Guidelines relevant conduct and related enhancements and their application to an acceptance of responsibility option thus rendering his decision to proceed to trial involuntary.

Doc. 1 at 4 (of 13).

GROUND TWO: Sixth Amendment violation-ineffective assistance of counsel.

Supporting facts: Counsel rendered ineffective assistance when he failed to prepare and advise [movant] that he could testify in his defense.

Doc. 1 at 5 (of 13).

3

GROUND THREE: Sixth Amendment violation-ineffective assistance of counsel.

Supporting facts: Counsel rendered ineffective assistance on appeal when he failed to raise the Court's error in refusing to provide a written copy of the jury instructions after the jury submitted a note that they were confused over the instructions. Doc. 1 at 7 (of 13).

GROUND FOUR: Sixth Amendment Violation-Ineffective assistance of counsel

Supporting facts: The communitive [sic] impact of trial counsel and appellate counsel's errors addressed herein require an evidentiary hearing.

Doc. 1 at 8 (of 13).

The motion is accompanied by a 36 page memorandum and two-page declaration in support. Doc. 2.

III.

Standards of Review

A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991).  A defendant can challenge her conviction or

4

sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for her procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.    Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional

5

errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. ___, 132 S. Ct. 1399, 1409-11 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 131 S. Ct. 1388, 1403 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.

IV.

Analysis

Movant first alleges that his counsel failed to advise him "that the Federal Sentencing Guidelines would play such an integral part of the final sentence he would receive" and that he

6

would never have proceeded to trial had he been aware of the multitude of enhancements that the court could impose. Doc. 2 at 20. His declaration simply states in a conclusory way that movant did not know that relevant conduct would be used to calculate his sentence and that enhancements could be used to elevate his sentence to a life term. Id. at 37 (of 39). The statements are incredulous given that movant pleaded guilty to the illegal reentry charge and the court thoroughly advised movant of his rights and the role that the presentence report would play in the calculation of his guideline range and ultimate sentencing. Movant swore under oath that he understood each of the matters the court discussed with him. Be that as it may, movant has not shown a reasonable probability that he would have been presented a plea offer by the government, that the court would have accepted it, and that his conviction or sentence or both would have been less severe than the sentence imposed. Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012); United States v. Rivas-Lopez, 678 F.3d 353, 357 (5th Cir. 2012). As the government points out, there is no reason to believe that movant would ever have pleaded guilty inasmuch as he stated at sentencing that he was not guilty of the drug offense, CR Doc. 170 at 11, and still persists in that position. Doc. 2 at 24-28. And, there is no reason to believe that movant would have received a less severe

7

sentence. His guideline range was level 47, which would only have been reduced to level 44 by acceptance of responsibility[3], still above the highest offense level of 43 allowed by the guidelines. U.S.S.G. ch.5, pt.A, n. 2 (an offense level of more than 43 is to be treated as an offense level of 43).

Movant next complains that he received ineffective assistance because his counsel did not advise him that he could testify in his own defense. This part of the memorandum and supporting declaration are very carefully worded to avoid representing that movant and his attorney ever even discussed whether movant would testify. Movant declares that he never said he did not want to testify, but he never says he told his attorney he wanted to testify. He even speculates that perhaps his attorney just forgot to tell him it was time to testify. Doc. 2 at 38 (of 39). Movant has not overcome the strong presumption that his counsel's decision not to place movant on the stand was sound trial strategy. Sayre v. Anderson, 238 F.3d 631, 635 (5th Cir. 2001). In any event, movant has not shown, given the overwhelming weight of the evidence against him, how his testimony would have affected the outcome. Id.

---

[3]Whether movant would have received a reduction for acceptance of responsibility is debatable. Movant's reply indicates that he would not have acknowledged the extent of his participation in the offense, suggesting that certain information would not have come to light had a trial not been held. Doc. 12 at 4.

The court understands movant's third issue to be that his counsel erred in failing to raise on appeal the propriety of the court's refusal to give the jury a copy of the court's charge after the jury sent a note regarding the instructions given them. Movant acknowledges, however, that the decision to provide a set of written instructions to the jury lies within the court's discretion. Doc. 2 at 32; Doc. 12 at 9. The Fifth Circuit generally disapproves the practice of providing a written copy of the charge to the jury. United States v. Sotelo, 97 F.3d 782, 792-93 (5th Cir. 1996). Moreover, it is proper to limit reinstruction, as the court did, to the specific request made by the jury. United States v. Acosta, 763 F.2d 671, 677 (5th Cir. 1985). The failure to raise a frivolous issue on appeal is not ineffective assistance. United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999); Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994).

Finally, movant contends that the cumulative impact of counsel's errors requires an evidentiary hearing. For the reasons discussed herein, movant has not shown that his claims have any merit. The court is not required to hold a hearing when the files and records in a case show that the motion under § 2255 lacks merit. United States v. Hughes, 635 F.2d 449, 451 (5th Cir. Unit

B 1981). A cumulation of harmless errors is harmless. <u>United States v. Munoz</u>, 150 F.3d 401, 418 (5th Cir. 1998).

V.

<u>Order</u>

The court ORDERS that all relief sought by movant in his motion under 29 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2255(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED December 16, 2015.

JOHN MCBRYDE
United States District Judge